IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL R. CUMMINGS<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA N.A.; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE HOME LOANS, INC.; AMERICA'S WHOLESALE LENDER, STUART B. MATHESON; UTAH FUNDING<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S EX PART EMERGENCY PETITION OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br><br><br>Case No. 2:11-CV-272 TS |

This matter is before the Court on Plaintiff's Ex Parte Emergency Petition for Temporary Restraining Order and Preliminary Injunction.[1] Plaintiff seeks a declaratory order preventing a foreclosure sale on March 22, at 4:45 p.m. The Court notes that Plaintiff filed his Complaint and Motion on March 22, at 12:41 p.m.

---

[1]Docket No. 2.

1

## I. BACKGROUND

Plaintiff is proceeding in this matter pro se, consequently, the Court will construe his filing liberally.[2] Although Plaintiff does not specifically list causes of action in his Complaint or his Motion, he makes allegations that construed liberally constitute claims of: the note is no longer valid because it has been securitized; Defendants lack standing to enforce the note; breach of fiduciary duty; negligent misrepresentation; fraud; quiet title / slander of title; RESPA violation; Gramm-Leach Bliley Act violation; and breach of contract.

## II. DISCUSSION

In order for Plaintiff to be entitled to a temporary restraining order or a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[3]

Having reviewed the allegations contained in his Complaint, as well as the arguments made in his Motion, the Court finds that Plaintiff has failed to satisfy the high standard required to obtain a temporary restraining order or a preliminary injunction. Specifically, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits.

---

[2] *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

[3] *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

This Court has repeatedly rejected claims similar to those brought by Plaintiff.[4] Plaintiff has failed to allege facts or cite to any case law that would differentiate this matter from those previously addressed by this Court. The only cause of action which this Court has not repeatedly addressed is the Gramm-Leach Bliley Act violation. This broad national banking act places numerous requirements on banks regarding the disclosure of information.[5] Plaintiff has failed to provide any documentary evidence in support of a claim under this Act.

Additionally, Plaintiff repeatedly asserts that Defendants have provided no evidence or have failed to prove facts. Defendants have not had time to respond to Plaintiff's claims. More importantly, the burden is on Plaintiff to show a likelihood of success in this matter. Thus, he must marshal sufficient evidence to show a likelihood of success on the merits and cannot simply rely on Defendant's failure to provide evidence.

Procedural grounds also prevent the Court from granting the Motion. Plaintiff seeks his relief ex parte. Under Rule 65 of the Federal Rules of Civil Procedure, a court may enter temporary injunctive relief ex parte:

> *only if* (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[6]

---

[4] *See Foster v. BAC Home Loan Servicing, LP*, 2010 WL 3791976, at *3 (D. Utah Sept. 22, 2010) (collecting cases).

[5] *See, e.g.*, *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 16-17 (2007); *Bowles v. Carrigan*, 2007 WL 2527938, at *1 (D. Colo. Sept. 5, 2007); *Meyer v. Christie*, 2007 WL 3120695, at *6 (D. Kan. Oct. 24, 2007).

[6] Fed.R.Civ.P. 65(b)(1) (emphasis added).

Plaintiff has failed to provide the Court with a certified description of any efforts made to give notice or a discussion of why such notice should not be required.

Finally, Plaintiff has failed to show why preventing the foreclosure is an appropriate remedy for his claims for relief.

## III. CONCLUSION

For all of the reasons stated above, the Court

ORDERS that Plaintiff's Ex Parte Emergency Petition for Temporary Restraining Order and Preliminary Injunction (Docket No. 3) is DENIED.

DATED   March 22, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge