IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL R. CUMMINGS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br>RECONTRUST CO., N.A.; BAC HOME<br>LOANS SERVICING, L.P.;<br>COUNTRYWIDE HOME LOANS, INC.;<br>AMERICA'S WHOLESALE LENDER<br>STUART T. MATHESON; UTAH<br>FUNDING,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND<br>ORDER ON MOTIONS<br><br><br><br>Case No. 2:11-CV-272 TS |

This matter is before the Court on Plaintiff Federal National Mortgage Association's ("FNAM") Motion to Remand. Also before the Court are Defendant Michael R. Cummings's Motion to Strike and Motion to Remove.

I. BACKGROUND

FNAM filed an action in state court to have Defendant Cummings evicted from property it had acquired by means of a trustee sale. Cummings removed the action to this Court and sought to join it with another action in which he was pursuing federal claims against FNAM and

1

others in connection with the foreclosure of his home. The Court will remand the eviction action against Cummings to state court. Cummings's Complaint[1] against FNAM and other defendants will remain before the Court.

## II. DISCUSSION

A.  MOTION TO REMAND

Cummings asserts that removal is proper because the Court has both diversity and federal question jurisdiction, while Defendant contends that neither basis for jurisdiction is satisfied. The Court agrees with FNAM. In *LSF6 Mercury Reo Investments Trust Series 2008-1 v. Ellertson*,[2] this Court squarely addressed the issues raised by Plaintiff here as to diversity and federal question jurisdiction. The Court will thus rely on the reasoning of *Ellertson* to grant FNAM's motion to remand.

Moreover, even if Cummings's removal notice is construed as a motion to consolidate the state action with Defendant's federal suit under Fed.R.Civ.P. 42, the Motion must be denied. This rule allows the Court to join actions before it if they involve a "common question of law or fact." As a preliminary requirement, the similar actions must be properly *before the court*. Here, the state action is not properly before the Court and thus cannot be consolidated with Cummings' federal suit.[3]

---

[1]Docket No. 1.

[2]2010 WL 5536349, at *3 (D. Utah Dec. 14, 2010), *reasoning adopted by* 2011 WL 43243 (D. Utah Jan. 5, 2011).

[3]*See Desai v. Panguitch Main St., Inc.*, 2009 WL 54291, at *1 (D. Utah Jan. 8, 2009) (citing *Xinagyuan Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1227 (D. Kan. 2001)).

B.   MOTION TO STRIKE

Cummings has filed what purports to be a motion to strike, which contains his arguments against remand. In light of the discussion above, the Court will deny the motion to strike.

C.   MOTION TO REMOVE

What Plaintiff has called a "Petition (Motion) to Remove and Joinder Civil Case . . . to Federal Court Case" is still pending before the Court. Removal is a process that is undertaken at a defendant's option. The defendant is required to (1) file notice with the district court to which removal is sought; (2) give written notice to all adverse parties; and (3) file a copy of the notice of removal with the clerk of the state court from which the action is to be removed.[4] Completion of the third step "shall effect the removal."[5] Defendant was not required to file a motion to remove with this Court and the Court has no jurisdiction over such a motion. Accordingly, the Court will deny the Motion for lack of jurisdiction.

III.   CONCLUSION

In light of the foregoing, that part of this matter relating to the eviction action against Cummings is remanded to the Third District Court. Cummings's complaint against FNMA and others remains before the Court. In is therefore

ORDERED that Plaintiff Federal National Mortgage Association's Motion to Remand (Docket No. 7) is GRANTED. It is further

---

[4] 28 U.S.C. § 1446(a), (d).

[5] *Id.* § 1446(d).

ORDERED that Defendant Cummings's Motion to Strike (Docket No. 19) is DENIED. It is further

ORDERED that Defendant Cummings's Petition (Motion) to Remove (Docket No. 5) is DENIED for lack of jurisdiction. The Clerk of the Court is directed to remand the eviction action to the Third District Court, Summit County, Utah.

DATED   December 12, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge