IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL R. CUMMINGS,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; RECONTRUST CO., N.A.; BAC HOME LOANS SERVICING, L.P.; COUNTRYWIDE HOME LOANS, INC.; AMERICA'S WHOLESALE LENDER; STUART T. MATHESON; UTAH FUNDING,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:11-CV-272 TS |

    This matter is before the Court on Defendants Bank of America, N.A. ("Bank of America"), individually and as successor by merger to BAC Home Loans Servicing, L.P. ("BAC"), ReconTrust Company, N.A. ("ReconTrust"), Countrywide Home Loans, Inc. d/b/a/ America's Wholesale Lender, Stuart T. Matheson ("Matheson"), and Federal National Mortgage Association's ("Fannie Mae") (collectively, "Defendants") Motion to Dismiss. Because Plaintiff did not timely file a response to the Motion, the Motion is unopposed. Plaintiff brings claims against Defendants for: (1) breach of

1

contract; (2) breach of the covenant of good faith and fair dealing; (3) violations of Real Estate Settlement Procedures Act and Federal Truth-In-Lending Act; (4) violations of the of the Gramm-Leach-Bliley Act; (5) an accounting; and (6) declaratory relief. For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss.

## I.  BACKGROUND

The following statement of the case is drawn from Plaintiff's First Amended Complaint and the documents referenced therein.

On October 12, 2005, Plaintiff's former wife, Cindy Cummings, executed a deed of trust against real property located at 3155 North 30 West, Marion, Utah 84036 (the "Property"), securing her payment obligations under a $262,500 refinance loan executed on October 12, 2005. The deed of trust identifies America's Wholesale Lender ("AWL") as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, "solely as a nominee for Lender and Lender's successors and assigns,"[1] and Matheson as trustee. On January 23, 2009, Cindy Cummings executed and recorded a quitclaim deed transferring ownership of the Property to Michael Cummings.

Pursuant to its authority under the deed of trust, on August 10, 2009, MERS recorded an assignment of the deed of trust assigning the beneficial interest under the deed of trust to BAC. Bank of America is the successor by merger to BAC. Also on August 10, 2009, BAC recorded a substitution of trustee appointing ReconTrust as the substitute trustee under the deed of trust.

---

[1]Docket No. 68 Ex. 1, at 3.

On August 10, 2009, ReconTrust recorded a notice of default and election to sell, reflecting that Cindy Cummings had defaulted on her loan obligations and failed to pay monthly payments under the loan beginning in April 2009. When the default was not cured within the time allowed, ReconTrust noticed the property for a trustee's sale to occur on March 22, 2011. The Property was sold at a foreclosure sale on March 22, 2011, and a trustee's deed was recorded on April 4, 2011, transferring the Property to the purchaser at the foreclosure sale, Fannie Mae. Also on April 4, 2011, BAC assigned the beneficial interest under the deed of trust to Fannie Mae.

Plaintiff does not deny that he and Cindy Cummings defaulted on their loan obligations, and he has not alleged an ability to tender the outstanding balance of the loan. Instead, Plaintiff's allegations in this case relate primarily to his claims that Defendants orally agreed to transfer the loan into Plaintiff's name following his divorce from Cindy Cummings, that Defendants breached a verbal promise to modify his loan, and that Defendants are liable for the $50,000 Mr. Cummings allegedly paid to Cindy Cummings as part of his divorce settlement.

## II.  DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3]

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

3

which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[4] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[7]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] Thus,

> notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, "[a] district court may consider

---

[4]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5]*Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[6]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

[8]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

As Plaintiff's counsel in this matter was not granted an extension of time to respond to Defendants' Motion to Dismiss, the Court will treat Plaintiff, for purposes of this Motion, as though he were proceeding *pro se*. Accordingly, the Court will construe Plaintiff's pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[10] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[11] No special legal training is required to recount facts surrounding an alleged injury, and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[12]

A.  BREACH OF CONTRACT

In Plaintiff's first cause of action, he claims that Defendants breached "verbal and written contracts" (1) through an unidentified loan officer's misrepresentation of assets and income in the 2005 loan application; (2) by failing to transfer the loan into Plaintiff's name; and (3) by failing to permanently modify Plaintiff's loan. Because the note and deed of trust are credit agreements

---

[9]*Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[10]*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[11]*Id.*

[12]*Id.*

pertaining to an interest in real property, they are subject to the statute of frauds.[13]  Plaintiff has not alleged that any writing exists evidencing Defendants' alleged promise to modify or transfer the loan. Plaintiff also has not shown how he was harmed by the alleged misrepresentation of Plaintiff's assets and income in the 2005 loan origination or how it constitutes a breach of any contractual right. Therefore, Plaintiff has failed to state a claim for breach of contract and the Court will dismiss this claim.

B.  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

In Plaintiff's second cause of action he alleges that Defendants breached the covenant of good faith and fair dealing by failing to transfer the loan into Plaintiff's name and by "inducing Plaintiff into default by requiring Cummings to make trial payments for a Forbearance Agreement [Defendants] had no intention of honoring, in order to then be able to foreclose upon his property."[14] Plaintiff also claims that Bank of America breached the covenant of good faith and fair dealing by failing to honor its alleged offer to settle this case for $200,000.  Finally, Plaintiff claims that Defendants' breach caused him to suffer $50,000 in damages, the total amount he spent to "catch up [his] ex-wife[']s loan and trial payments. . . ."[15]

The covenant of good faith and fair dealing, which inheres in every contractual relationship, "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[16]

---

[13] Utah Code. Ann. § 25-5-1; Utah Code Ann. § 25-5-4(1)(f); *Wright Express Fin. Servs. Corp. v. ACAS Acquistion (Logex), Inc.*, 2007 WL 4119130 (D. Utah Nov. 14, 2007).

[14] Docket No. 66, at 19.

[15] *Id.*

[16] *PDQ Lube Center, Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997).

In this case, Plaintiff has not alleged facts supporting the existence of any enforceable contractual right to a loan modification or to the transfer of the mortgage into his name. Plaintiff admits that his loan modification application was denied. Although Plaintiff makes reference to a "Forbearance Agreement," he does not state the terms of that agreement, how Defendants breached those terms, or that the agreement exists in writing. Accordingly, this claim fails as a matter of law.

Next, Plaintiff's claim that Bank of America breached the covenant of good faith and fair dealing by failing to honor the alleged $200,000 settlement agreement is more properly brought as a claim for breach of contract. However, as Plaintiff has not alleged the terms of the settlement offer or that the offer was made in writing, this claim is also barred by the statute of frauds and must be dismissed.

Finally, because Plaintiff's claim for breach of duty of good faith and fair dealing fails, he is not entitled to the $50,000 in damages he claims is the result of the alleged breach.

C.   RESPA and TILA

Plaintiff's fourth cause of action[17] is for violations of the Real Estate Settlement Procedures Act[18] ("RESPA") and the Truth in Lending Act[19] ("TILA"). Specifically, Plaintiff claims that the "corporate Assignment" contravenes RESPA or TILA "because it does not state who the assignment is from nor does it assign it to a Lender."[20] Plaintiff also appears to assert that Defendants violated

---

[17] Plaintiff's Amended Complaint does not contain a third cause of action.

[18] 12 U.S.C. §§ 2601–2617.

[19] 15 U.S.C. §§ 1601–1641.

[20] Docket No. 66, at 20.

§ 2605(b)(1) of RESPA which states that each "servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."[21]

Contrary to Plaintiff's assertions, the assignment in this case plainly identifies the relevant parties and states that MERS, pursuant to its authority under the deed of trust, assigned the beneficial interest under the deed of trust to BAC Home Loans Servicing, LP, now Bank of America.

Next, Plaintiff's claim that he was not timely notified of a change in the servicer of his loan confuses the beneficiary under the deed of trust for the loan servicer. Plaintiff does not allege that he was not informed that the servicing of his loan was transferred to BAC and then to Bank of America. Instead, Plaintiff alleges that the "Assignment does not specify who the *Lender* was and who the new *lender* is . . . ."[22] In fact, Plaintiff's Amended Complaint makes it clear that he was aware that the servicer of his loan had changed from BAC to Bank of America.[23] As Plaintiff has not alleged facts that, if true, would show a violation of either RESPA or TILA, this claim must be dismissed.

D.  GRAMM-LEACH-BLILEY

In Plaintiff's fifth cause of action he appears to allege violations of, among other things, the Gramm-Leach-Bliley Act.[24] However, the Gramm-Leach-Bliley Act does not provide a private right

---

[21] 12 U.S.C. § 2605(b)(1).

[22] Docket No. 66, at 21 (emphasis added).

[23] Docket No. 66, Ex. C.

[24] 15 U.S.C. § 6801 *et seq*.

of action.[25] Further, even construing Plaintiff's Complaint liberally, this cause of action is devoid of factual assertions, relying instead on indecipherable conclusory statements. The Court will therefore dismiss this claim.

E.     ACCOUNTING

In Plaintiff's sixth cause of action he claims that he is entitled to an accounting because Defendants "have received proceeds from the unlawful sale of the Subject Property, a portion of which is due to Plaintiff from Defendants, as previously alleged."[26] Plaintiff also claims that he "has demanded his statements and an accounting of the amortization schedule and calculated interest for the aforementioned loan modification on separate occasions from defendant, defendant has failed and refused to fully address or render any such accounting."[27]

Accounting is defined as "an action for the recovery of money for services performed, property sold and delivered, money loaned, or damages for the nonperformance of simple contracts."[28]

In this case, Plaintiff has failed to show he is entitled to an accounting. First, the loan at issue was issued to his former wife, Cindy Cummings, not to Plaintiff. Second, Plaintiff has not stated how the sale of the Property was unlawful, or why he is entitled to its proceeds. Finally, Plaintiff's loan-modification claim fails because, under the relevant note and deed of trust, Plaintiff is not

---

[25]*Bowles v. Carrigan*, 2007 WL 2527938, at *1 (D. Colo. Sept. 5, 2007) (citing *Menton v. Experian Corp.*, 2003 WL 21692820 (S.D.N.Y. July 21, 2003)).

[26]Docket No. 66, at 24.

[27]*Id.*

[28]Black's Law Dictionary (9th ed. 2009).

entitled to a modification or an explanation of why Defendants denied the modification request. Accordingly, the Court will dismiss this claim.

F.     DECLARATORY RELIEF

Plaintiff's seventh cause of action is for a declaration that Plaintiff was entitled to a loan modification under the Home Affordable Mortgage Program ("HAMP"), or any and all government programs.  As there is no private right of action under HAMP,[29] the Court will dismiss this claim.

It is therefore

ORDERED that Defendants Motion to Dismiss (Docket No. 67) is GRANTED.  Defendants are directed to file a proposed order releasing from the public record the *lis pendens* filed by Plaintiff in this case.  The Clerk of the Court is directed to close this case forthwith.

DATED   October 25, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[29] *Terr v. IndyMac Mortg. Servc.*, 2011 WL 2112033, at *1 (D. Utah May 26, 2011); *Shurtliff v. Wells Fargo Bank, N.A.*, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010); *Marks v. Bank of Am., N.A.*, 2010 WL 2572988, at *5–6 (D. Ariz. June 22, 2010).