IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| MICHAEL R. CUMMINGS,<br><br>   Plaintiff,<br><br><br><br>   vs.<br><br><br><br>BANK OF AMERICA, N.A.;<br>RECONTRUST CO., N.A.; BAC HOME<br>LOANS SERVICING, L.P.;<br>COUNTRYWIDE HOME LOANS, INC.;<br>AMERICA'S WHOLESALE LENDER;<br>STUART T. MATHESON; UTAH<br>FUNDING;<br><br>   Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING MOTION FOR<br>RECONSIDERATION<br><br><br><br><br>Case No. 2:11-CV-272 TS |

Before the Court is Plaintiff Michael R. Cummings' Motion for Reconsideration.[1]

The Tenth Circuit has recognized the following grounds as warranting a motion to reconsider under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously

---

[1]Docket No. 80.

1

unavailable, and (3) the need to correct clear error or prevent manifest injustice."[2] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . .  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[3]

As Plaintiff is proceeding with his Motion pro se, the Court will construe his pleadings liberally.[4]  Plaintiff appears to argue that the Court—in its order dismissing Plaintiff's case—did not consider certain facts or arguments proposed by Plaintiff.  The Court would note that although it did not specifically mention each of the alleged facts that Plaintiff believes entitle him to relief, the Court nevertheless considered those facts along with all other arguments advanced by Plaintiff in dismissing his Complaint.  As Plaintiff has not alleged any grounds adequate for this Court to reconsider the judgment under Rule 59(e), the Court will deny this request.

It is therefore

ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 80) is DENIED.

---

[2]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005) (second alteration to reflect change in Rule 59) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[3]*Id*.

[4]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

DATED   December 27, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge